```
IN THE UNITED STATES DISTRICT COURT FOR THE
         EASTERN DISTRICT OF OKLAHOMA

JEMAL DAVID RAWLINGS,              )
                                   )
          Plaintiff,               )
                                   )
                                   ) Case No. CIV-18-389-RAW-KEW
                                   )
COMMISSIONER OF THE SOCIAL         )
SECURITY ADMINISTRATION,           )
                                   )
          Defendant.               )
```

### REPORT AND RECOMMENDATION

Plaintiff Jemal David Rawlings (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 47 years old at the time of the decision. He has a high school education and worked in the past as a salvage laborer, dishwasher, collections clerk, stocker, and crate builder. Claimant alleges an inability to work beginning on January 2, 2013, due to hearing loss, ankle problems, high blood pressure, high cholesterol, depression, and bowel disorder.

### Procedural History

On October 19, 2015, Claimant protectively filed applications for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq*.) of the Social Security Act and supplemental security income benefits pursuant to Title XVI (42

U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On January 29, 2018, Administrative Law Judge ("ALJ") David W. Engel conducted an administrative hearing in Tulsa, Oklahoma, at which Claimant was present and testified. On March 14, 2018, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on October 5, 2018, it denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary to light work, with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error because: (1) the mental RFC is not supported by substantial evidence; (2) he failed to fully develop the record; (3) the credibility findings are not supported by substantial evidence; (4) he failed to develop the vocational expert testimony; and (5) the decision was rendered by an ALJ whose appointment was invalid at the time he rendered the decision.

**Mental RFC Determination**

In his decision, the ALJ found Claimant suffered from major depressive disorder, obesity, atrial fibrillation, gout of the lower extremities, residual effects of a right ankle fracture, mild degenerative disc disease, obstructive sleep apnea, and tinnitus (Tr. 21). He determined Claimant could perform sedentary to light work with additional limitations. In so doing, the ALJ found Claimant was limited to light and sedentary exertion work for lifting, carrying, pushing and pulling. He could walk or stand for two hours (combined total) of an eight-hour workday, with regular work breaks. Claimant could sit for six hours (combined total) of an eight-hour workday, with regular work breaks. He could occasionally climb ramps or stairs and bend, stoop, crouch, and crawl. Claimant was unable to climb ropes, ladders, or scaffolds, or "work in environments where he would be exposed to unprotected heights and dangerous moving machinery parts or environments where he would be exposed to extremes of temperature (less than 50 degrees Fahrenheit or more than 90 degrees Fahrenheit)." He could occasionally perform tasks requiring overhead reaching (for purposes of hand controls) and tasks requiring the use of foot pedals. Claimant could understand, remember, and carry out simple instructions in a work-related setting, but he was unable to interact more than occasionally with the general public, regardless of whether the interaction was in person or over the

telephone. Although Claimant was "afflicted with symptoms from a variety of sources to include moderate intermittent pain and fatigue, as well as mental allied disorders, all variously described, that are of sufficient severity so as to be noticeable to him at all times, but nevertheless is able to remain attentive and responsive in a work-setting and would be able to perform work assignments within the above-cited limitations." (Tr. 26).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of document preparer and semi-conductor bonder, both of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 42). As a result, the ALJ concluded Claimant has not been under a disability from January 2, 2013, the alleged onset date, through the date of the decision. (Tr. 43).

Claimant contends that the ALJ's mental RFC ignores the opinion evidence from his treating psychologist Thomas Hoffman, Ph.D., consulting psychologist Susan Linde, Ph.D., and consulting psychologist Alyssa Rippy, Ph.D. He contends the three psychologists determined Claimant's mental impairments are greater than those included by the ALJ in the RFC.

The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003). He must provide specific, legitimate reasons for rejecting any such opinion, and

6

also must give consideration to several factors in weighing a medical opinion. *Id*. "As long as the ALJ provides 'good reasons in his decision for the weight he gave to the . . . opinion[], [n]othing more [is] required[.]' . . . What matters is that the decision is 'sufficiently specific to make clear to any subsequent reviewer[] that weight the adjudicator gave to the . . . opinion and the reasons for that weight.'" *Mounts v. Astrue*, 479 Fed. Appx. 860, 865 (10th Cir. 2012), quoting *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

    The ALJ specifically discussed Dr. Hoffmann's completion of a mental status form. He noted that Dr. Hoffmann did not identify the date Claimant's problems started and that even though he determined Claimant would have difficulty with work pressure and demands, Dr. Hoffmann did not state to what degree Claimant was limited. The ALJ gave little weight to Dr. Hoffmann's opinions because they were inconsistent with the statements in his treatment notes. For example, the ALJ discussed how Dr. Hoffmann's treatment notes consistently indicated Claimant's memory and concentration were good, but he stated Claimant had problems with memory and concentration on the mental status form. (Tr. 34-35, 1108-09). The ALJ discussed the mental RFC assessment completed by Dr. Hoffmann. He noted the specific findings by Dr. Hoffmann and that the findings were not supported by the clinical or diagnostic evidence in the record. He again referenced the inconsistency

7

with Dr. Hoffmann's findings as to Claimant's memory and concentration and Dr. Hoffmann's statement that Claimant had no problems with alcohol or drugs, when the record was replete with such evidence. (Tr. 35-36, 1114-15). The ALJ provided good reasons for the weight he afforded Dr. Hoffmann's opinions. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) ("[A]n ALJ must give good reasons for the weight assigned to a treating physician's opinion, that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight."). The Court finds no error in the ALJ's evaluation of Dr. Hoffmann's opinions.

Claimant also asserts the ALJ erred by ignoring the opinions of consulting psychologists Dr. Linde and Dr. Rippy. However, the decision shows that the ALJ discussed Dr. Linde's examination findings, including that Claimant displayed impairment in judgment, verbal reasoning, and visual motor integration, but "his effort was judged to be low at times and therefore the results may underestimate his true ability." (Tr. 32). He also discussed that Claimant was irritable during the examination, but his attention and concentration fell within normal limits. Dr. Linde noted Claimant could "understand, concentrate, and remember like other adults, however his ability to persist when things are difficult or do not go his way deteriorate rapidly." He further

8

noted her notation that Claimant's ability to interact with co-workers and adapt to work demand were compromised because of his quick temper. (Tr. 32-33, 573-80). The ALJ gave little weight to Dr. Linde's examination findings, stating that the clinical findings were generally consistent with evidence, but she did not provide any functional limitations resulting from Claimant's condition. (Tr. 33). Moreover, with regard to Dr. Rippy, Claimant merely contends that her findings are consistent with those of Dr. Hoffmann and Dr. Linde. The ALJ properly considered this evidence. *See Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) (finding it is "the ALJ, not a physician, [who] is charged with determining a claimant's RFC from the medical record."), citing Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *5. The Court finds no error in this regard.

**Development of the Record**

Claimant asserts that the ALJ failed to develop the record by not calling a medical expert to infer the onset date of Claimant's impairments pursuant to Social Security Ruling 83-20. He contends that calling a medical advisor would assist with determining that his disability commenced before his date last insured of September 30, 2013. He also believes a medical advisor would assist with establishing Claimant's RFC prior to the date last insured.

Social Security Ruling 83-20, 1983 WL 31249, was rescinded by Social Security Ruling 18-1, 2018 WL 4945639, on October 2, 2018.

9

Social Security Ruling 18-1, issued to clarify the former ruling, dictates that "an [ALJ] may, but is not required to, call upon the services of a medical expert (ME) to assist with inferring the date that the claimant first met the statutory definition of disability." Soc. Sec. Rul. 18-1, at *2. In this case, the ALJ did not find Claimant was disabled. Moreover, Claimant's counsel made no request at the hearing for medical expert testimony on this issue. *Hawkins*, 113 F.3d at 1167 ("[I]n a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development."). There was no error by the ALJ for failure to develop the record.

## Evaluation of Subjective Complaints

Claimant also argues the ALJ's evaluation of his credibility is conclusory, as the ALJ did not properly link his findings to the evidence in the record.

Deference must be given to an ALJ's evaluation of Claimant's credibility, unless there is an indication the ALJ misread the medical evidence as a whole. *See Casias*, 933 F.2d at 801. Any findings by the ALJ "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). The ALJ's decision "must contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly

articulated so the [claimant] and any subsequent reviewer can assess how the [ALJ] evaluated the [claimant's] symptoms." Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *10. However, an ALJ is not required to conduct a "formalistic factor-by-factor recitation of the evidence[,]" but he must set forth the specific evidence upon which he relied. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

As part of his evaluation of Claimant's subjective complaints, the ALJ summarized the medical evidence, Claimant's testimony, and reports of symptoms in detail. He made references from the record showing Claimant's complaints were inconsistent with the medical findings, Claimant's conservative treatment, and Claimant's noncompliance with treatment. The ALJ considered Claimant's activities of daily living and his testimony regarding his prior work activity. He considered the inconsistencies between Claimant's testimony and his statements on the adult disability report. (Tr. 28-41). The Court's assessment of Claimant's subjective complaints is well-supported by the medical record.

### Development of Vocational Expert Testimony

Claimant contends the ALJ failed to include all Claimant's limitations in the hypothetical questions to the VE. Specifically, he asserts the ALJ failed to include mental limitations based upon the opinions of Dr. Linde and Dr. Hoffmann, which established that he was unable to work on a sustained basis.

"Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the VE, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. *Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. *Hargis*, 945 F.2d at 1489.

The hypothetical questions to the VE included those limitations found to exist by the ALJ and included in the RFC. *See Qualls*, 206 F.3d at 1373 (finding an ALJ's hypothetical questioning of the VE provided an appropriate basis for a denial of benefits because the question "included all the limitations the ALJ ultimately included in his RFC assessment."), citing *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993). The Court finds no error in the ALJ's questioning of the VE.

### Remand for Consideration of Properly Appointed ALJ

Claimant contends the ALJ who issued the decision in this case was not properly appointed under the Appointments Clause of the United States Constitution. This issue arose as a result of

the United States Supreme Court's decision in *Lucia v. Securities and Exchange Comm'n*, ___ U.S. ___, 138 S.Ct. 2044, 201 L.Ed.2d 464 (2018). In *Lucia*, the Supreme Court determined that administrative law judges with the Securities and Exchange Commission were "officers of the United States" who had to be but were not appointed in accordance with the requirements of the Appointments Clause. There appears to be little dispute that the ALJ in this case was not appointed in compliance with the Appointments Clause until the Commissioner ratified the appointment of Social Security Administration ALJs on July 16, 2018. 84 Fed.Reg. 9582-02 (Mar. 15, 2019). The issue presented before this Court surrounds only whether Claimant's raising of the issue of appointment in his opening brief in this appeal in the first instance is timely.

A split of authority exists around the country on the requirement that this issue be raised in a timely fashion at the administrative level. *Compare Rabache v. Saul*, 2019 WL 7288873, at *3 (D.N.M. Dec. 30, 2019); *Klotz v. Saul*, 2019 WL 4119159(D. Utah Aug. 12, 2019); *Heather M. H v. Berryhill,* 2019 WL 2305951, at *2 (D. Utah Apr. 29, 2019), *report and recommendation adopted sub nom. Heather M.H. v. Berryhill,* 2019 WL 2297706 (D. Utah May 30, 2019); *Kabani & Company, Inc. v. U.S. Securities & Exchange Commission*, 733 Fed. Appx. 918, 919 (9th Cir. Aug. 13, 2018); *Faulkner v. Commissioner of Social Security*, 2018 WL 6059403,

at *2-3 (W.D. Tenn. Nov. 19, 2018); *Page v. Commissioner of Social Security*, 2018 WL 5668850 at *2-3 (E.D. Mich. Oct. 31, 2018); *Salmeron v. Berryhill*, 2018 WL 4998107 at *3 n.5 (C.D. Cal. Oct. 15, 2018); *Garrison v. Berryhill*, 2018 WL 4924554 at *2 (W.D. N.C. Oct. 10, 2018); *Davidson v. Commissioner of Social Security*, 2018 WL 4680327 at *1-2 (M.D. Tenn. Sept. 28, 2018); *Stearns v. Berryhill*, 2018 WL 4380984 at *4-6 (N.D. Iowa, Sept. 14, 2018); *Davis v. Commissioner of Social Security*, 2018 WL 4300505 at *8-9 (N.D. Iowa, Sept. 10, 2018); *Pearson v. Berryhill*, 2018 WL 6436092, at *4 (D. Kan. Dec. 7, 2018) *with Lenece v. Saul*, 2020 WL 1065720, at *1 (N.D. Okla. Mar. 5, 2020); *McCray v. Soc. Sec. Admin.*, 2020 WL 429232, at *14 (D.N.M. Jan. 28, 2020); *Dove-Ridgeway v. Berryhill*, 2020 WL 109034, at *1 (D. Del. Jan. 9, 2020); *Kim L. M. v. Saul,* 2019 WL 3318112 (N.D. Okla. July 24, 2019).

Without belaboring the reasoning that other courts have already belabored, this Court finds the more reasoned view supports the remand of this case for consideration by a constitutionally appointed administrative law judge. In particular, this Court finds persuasive and well-reasoned the decisions in *McCray* and *Lenece*. In both decisions, the courts found the United States Supreme Court's position in *Sims v. Apfel*, 530 U.S. 103 (2000) controlled. In that case, the Supreme Court determined that a

claimant did not have to exhaust by raising a claim at the Appeals Council level in order to raise the issue on appeal. *Id*. at 108. It did not specifically address whether the same reasoning applied to issues not raised before the ALJ, but this Court perceives no rational basis to fail to apply the rule at that level as well. As a result, this case will be remanded to be considered by a properly appointed ALJ.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of the Social Security Administration should be REVERSED and the case REMANDED for further proceedings.  The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of March, 2020.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE